# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3681 | **DATE** | 5/7/2004 |
| **CASE TITLE** | MARGARET ANTHONY vs. AMR CORPORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants in part and denies without prejudice in part American's motion to dismiss [doc. no. 22-1] and denies the APFA;s motion to dismiss or, in the alternative, for summary judgment without prejudice [doc. no. 17-1]. AMR Corp. is hereby terminated as a party. Only Defendants American and the APFA remain. Status hearing set for 5/21/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | 15 | 28 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | CG | courtroom deputy's initials | 2004 MAY 10 AM 8:26 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARGARET ANTHONY, and all other plaintiffs similarly situated, ) ) ) | MAY 1 0 2004 |
| Plaintiffs, ) ) | DOCKETED |
| v. ) ) | Judge Ronald A. Guzmán |
| AMR CORPORATION, d/b/a AMERICAN AIRLINES and ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, ) ) ) ) ) ) | 03 C 3681 |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Margaret Anthony has sued on behalf of herself and all other persons similarly situated AMR Corp. d/b/a American Airlines ("American") and the Association of Professional Flight Attendants ("the APFA") for violating Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") when they entered a seniority integration agreement ("SIA") after American purchased TWA's assets from Chapter 11 bankruptcy. The following motions are pending: American's motion to dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1) and 12(b)(6) and the APFA's motion to dismiss pursuant to Rule 12(b)(1) or, in the alternative, for summary judgment pursuant to Rule 56. For the reasons set forth below, the Court grants in part and denies without prejudice in part American's motion to dismiss and denies the APFA's motion without prejudice.



## FACTS

In January 2001, American agreed to purchase almost all of the assets of TWA through a process that involved TWA's filing for bankruptcy. (APFA's Mem. Supp. Mot. Dismiss at 3.) The acquisition closed after court approval on April 9, 2001. (*Id.*) On April 10, 2001, TWA L.L.C., a separate corporation, was established. (*Id.*) TWA L.L.C. conducted business that was formerly conducted by TWA and employed Plaintiff and other former TWA flight attendants. (*Id.*) After TWA L.L.C. was formed, the bargaining terms (including seniority dates) covering Plaintiff and the other flight attendants remained the same as they were with TWA. (*Id.*) The bargaining representative for both TWA and TWA L.L.C.'s flight attendants was the International Association of Machinists, and the bargaining representative for American's flight attendants is the APFA. (*Id.*)

The APFA and American began negotiating as to the integration of TWA L.L.C. into American and reached an integration agreement ("SIA") on December 17, 2001. (*Id.* at 4.) Plaintiff alleges that she was advised in December 2001 that her seniority dates would be June 18, 1970 and July 31, 1970 after TWA L.L.C. integrated with American, although Defendants maintain that the only seniority date quoted to TWA L.L.C. flight attendants was the one found in the SIA. (*See* Am. Compl. ¶ 12; APFA's Mem. Supp. Mot. Dismiss at 6.) The provisions of the SIA stated that the terms of the American-APFA CBA would apply to TWA L.L.C. flight attendants after integration. (APFA's Mem. Supp. Mot. Dismiss at 4.) The American-APFA CBA gives seniority based on the date that a flight attendant is added to American's payroll. (*Id.*) However, under the SIA, the applicable seniority date for former TWA L.L.C. flight attendants is April 10,

2001 - the date that TWA L.L.C. was formed. (*Id.* at 5.)

Plaintiff alleges that her seniority number was 952 prior to the SIA, and that it became 22,656 after the SIA because prior service at TWA and TWA L.L.C. did not create an entitlement to seniority credit at American. (Am. Compl. ¶ 19.) As a result of Plaintiff's placement on the seniority list, she was among the flight attendants who were laid off by American in July 2002. (*Id.* ¶¶ 21-22.) In her amended complaint, Plaintiff alleges that the SIA was entered into with an intent to discriminate against women and older employees. (*Id.* ¶ 24.) Plaintiff seeks to have the SIA invalidated and to be given full seniority credit at American for her years of employment with TWA. (*Id.* at 7-8.)

## DISCUSSION

### A. American's Motion to Dismiss as to AMR Corp. for Failure to State a Claim

On behalf of AMR, American moves to dismiss the complaint as to AMR Corp. for failure to state a claim. A court may only dismiss a complaint for failure to state a claim upon which relief may be granted if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997).

Defendants argue and Plaintiff concedes that she erred in naming AMR Corp. as a defendant because she failed to name AMR in her EEOC charge. Accordingly, the Court grants American's motion to dismiss as to AMR Corp. AMR Corp is hereby terminated as a defendant. Only Defendants American and the APFA remain.

## B. Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction

Defendants have moved to dismiss Anthony's putative class action claims for lack of subject matter jurisdiction. When moving to dismiss pursuant to Rule 12(b)(1), a defendant may opt for a facial attack, *i.e.*, a challenge of the court's subject matter jurisdiction based on the sufficiency of the complaint's allegations, or a factual attack, *i.e.*, a challenge of the factual basis for the court's subject matter jurisdiction. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). If a defendant makes a facial attack, the "allegations are taken as true and construed in a light most favorable to the complainant." *Id.* "If the Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction, however, the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Id.* When making a factual attack, "the allegations in the complaint are not controlling, and only uncontroverted factual allegations are accepted as true for purposes of the motion." *Id.* (citations omitted). "The Court may weigh the evidence in order to satisfy itself that jurisdiction exists; as such, disputes over material facts will not preclude the court from deciding jurisdictional issues." *Bd. of Trs. of Pipe Fitters' Welfare Fund Local 597 v. Adams*, No. 97 C 5592, 1998 WL 259543, at *2 (N.D. Ill. May 7, 1998).

In support of their motions to dismiss, Defendants launch a factual attack on jurisdiction and argue that Plaintiff's claims are precluded by the Railway Labor Act ("the RLA") because they require an interpretation of the CBA for their resolution. Defendants maintain that Plaintiff's Title VII and ADEA claims can be conclusively resolved by interpreting Article 13 of the CBA, which contains the relevant seniority provisions. (*See* APFA's Mem. Supp. Mot. Dismiss at 11.) However, Plaintiff asserts

that she does not contest the meaning of the CBA, which "quite clearly establishes the seniority of Plaintiff." (Pl.'s Mem. Opp. Defs.' Mot. Dismiss at 6.) Instead, Plaintiff claims that the seniority provision is on its face discriminatory in terms of age and sex. (*Id.*)

In 1936, Congress extended coverage of the RLA to the airline industry. *Adams v. United Airlines, Inc.*, 578 F. Supp. 26, 28 (N.D. Ill. 1983). The purpose of the RLA is to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994). Under the RLA, disputes are separated into two classes – major and minor. *Id.* The RLA establishes mandatory arbitral mechanisms for both classes of disputes. *Id.* While major disputes relate to the formation of collective bargaining agreements, minor disputes arise out of grievances involving the interpretation or application of collective bargaining agreements. *Id.* Thus, major disputes are those that seek to create contractual rights, while minor disputes are those that seek to enforce them. *Id.* at 253.

In their motions to dismiss, Defendants argue that Plaintiff's claim should be classified as minor because it involves an interpretation of the CBA. If Plaintiff's claim is in fact minor, then this Court lacks subject matter jurisdiction because minor disputes are subject to mandatory and exclusive arbitration under the RLA. *See Brown v. Ill. Cent. R.R. Co.*, 254 F.3d 654, 658 (7th Cir. 2001). However, although Defendants have correctly stated the law in terms of minor disputes, there exists other binding precedent that more fully describes the landscape of the law. Although federal courts do not have subject matter jurisdiction over disputes that are "grounded in the CBA," they are not precluded from hearing claims based on independent federal statutes (such as Title VII or

the ADEA) where "the provisions of a CBA are relevant but *not dispositive.*" *Brown*, 254 F.3d at 664. In fact, the Seventh Circuit has explicitly held that "'[w]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective bargaining agreement will be consulted in the course of . . . litigation plainly does not require the claim to be extinguished.'" *Brown*, 254 F.3d at 664 (quoting *Loewen Group Int'l, Inc. v. Haberichter*, 65 F.3d 1417, 1421 (7th Cir. 1995)).

In *Tice v. American Airlines, Inc.*, the Seventh Circuit affirmed the dismissal of an ADEA claim based on the fact that the complaint boiled down to a disagreement over the meaning of a bumping rights provision in a CBA. 288 F.3d 313, 316 (7th Cir. 2002). Specifically, in that case, the plaintiffs claimed certain bumping rights under the agreement, while the airline denied that they had those rights. *Id.* The Seventh Circuit noted that "the question is whether the plaintiffs' suit is dependent on their preferred interpretation of the agreement, in which event they should be in arbitration; and the answer to that question is yes." *Id.* at 315. The court went on to clarify, however, that a plaintiff's claim can proceed in federal court if it is brought under an independent federal statute and "the meaning of the collective bargaining agreement bears tangentially though materially on the issue." *Id.* at 318.

Similarly, in *Brown v. Illinois Central Railroad Co.*, the Seventh Circuit affirmed the dismissal of an ADA claim which was inextricably intertwined with an interpretation of seniority provisions found in a CBA. 254 F.3d at 668. The Seventh Circuit stressed the fact that the plaintiff's ADA claim was precluded in that case because interpretation of the seniority provisions could dispose of the entire claim as a matter of law. *Id.* However, the court was careful to point out that the

6

claim would not have been precluded if either the parties did not dispute the interpretation of the relevant CBA provisions (and [plaintiff] had merely argued that he was entitled to a certain reasonable accommodation under the ADA *notwithstanding* anything to the contrary in the CBA), or if the disputed provisions of the CBA were relevant but not dispositive of [plaintiff's] claim . . . .

*Id.* (footnote omitted).

Accordingly, although the defendants have made the general assertion that Plaintiff's claims are dependent upon interpreting Article 13 of the CBA, they have failed to point to specific contested issues of interpretation that are necessary to resolve Plaintiff's claims under Title VII and the ADEA. As a result, this case is distinguishable from both *Tice* and *Brown* because interpreting the seniority provisions will not dispose of the discrimination claims. Both Plaintiff and the defendants agree that the relevant seniority provisions do not give Plaintiff seniority based upon her length of service at TWA – thus there is no dispute as to the interpretation or application of the CBA. In her complaint, Plaintiff does not argue that she is contractually entitled to seniority based upon her service at TWA; instead, she argues that the unequivocally established seniority she has been given violates Title VII and the ADEA.[1] Unless the defendants can specifically point to contested issues of interpretation which would resolve Plaintiff's claims, they cannot prevail on their motions to dismiss for lack of subject matter

---

[1] In her Memorandum in Opposition to Defendants' Motions to Dismiss, Plaintiff also appears to argue that the seniority provisions are not bona fide, and thus that they are invalid. The Court takes that to mean that Plaintiff asserts that the provisions violate Title VII and the ADEA. However, if in fact Plaintiff means to challenge whether the agreement is bona fide, she has done so incorrectly. *See Hiatt v. Union Pac. R.R. Co.*, 65 F.3d 838, 842 (10th Cir. 1995) (holding that challenges to the effects of bona fide seniority systems "must rest upon a claim of disparate treatment").

jurisdiction. As such, Defendants' motions to dismiss are denied without prejudice.

## C. Defendant APFA's Alternative Motion for Summary Judgment

In the alternative, Defendant APFA has moved for summary judgment. However, in filing its motion for summary judgment, the APFA has failed to comply with the required local procedures for filing summary judgment motions in the Northern District of Illinois. *See* LR 56.1(a); *Stewart v. McGinnis*, 5 F.3d 1031, 1033 n.2 (7th Cir. 1993) (explaining that the local rules in the Northern District of Illinois require a summary judgment movant to serve and file "a statement of material facts as to which the moving party contends there is no genuine issue"). As a result of this failure to comply with the local rules governing motions for summary judgment, the Court denies the APFA's summary judgment motion without prejudice. *See Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000) ("Given their importance, we have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.").

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies without prejudice in part American's motion to dismiss [doc. no. 22-1] and denies the APFA's motion to dismiss or, in the alternative, for summary judgment without prejudice [doc. no. 17-1]. AMR Corp. is hereby terminated as a party. Only Defendants American and the APFA remain.

SO ORDERED                           ENTERED: 5/7/04

                                     HON. RONALD A. GUZMAN
                                     United States Judge